IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3142 |
| vs. | ORDER |
| LEOPOLDO RAMIREZ, | |
| Defendant. | |

The defendant has filed what he styles as a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 238. That section permits the Court to modify a term of imprisonment if the defendant shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A).

But the grounds he asserts for his motion do not permit such a reduction: With one exception, they're all just mitigating circumstances that do not establish any of the "extraordinary and compelling reasons" for a sentence reduction required by § 1B1.13, or any circumstance or combination of circumstances similar in gravity. "The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781 (2022). And, in fact, many of the arguments he raises *were* presented at sentencing in support of a successful motion for variance, resulting in a sentence 78 months lower than the bottom of the Guidelines range. *See* filing 218; filing 219; filing 224; filing 229.

But he also argues that he received ineffective assistance of counsel, which he suggests is "one way to get his . . . conviction overturned." Filing 238 at 12-14. That's not a basis for relief under § 3582(c)(1)(A). Rather, that's a 28 U.S.C. § 2255(a) motion.[1]

A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence" may bring a motion to vacate or set aside the sentence pursuant to 28 U.S.C. § 2255(a). And any motion that is filed in the district court that imposed the defendant's sentence, and which is substantively within the scope of § 2255(a), "*is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see Castro v. United States*, 540 U.S. 375, 381-82 (2003).

Before the Court can construe the defendant's motion as a § 2255 motion, however, it must do three things:

> notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383. The Court will do those three things now.

---

[1] This is not to suggest that the defendant has presented *valid* grounds for relief under § 2255, nor that his motion is timely—rather, the Court simply finds that the relief the defendant is asking for, and the basis he asserts for asking, makes it a § 2255 motion.

First, the defendant is on notice that the Court will, unless the defendant says otherwise, construe his motion as a § 2255 motion. Second, the defendant is warned: Federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions. *See* § 2255(h). So, the defendant must include all his claims for postconviction relief in a single motion, or risk forfeiting them. If the defendant has additional grounds for relief he to assert, he may want to amend his current motion to include those claims. And third, the defendant may advise the Court on or before December 27, 2024 whether he objects to his motion being construed as a § 2255 motion and whether he wants the Court to decide the motion as submitted, or he may submit an amended motion.[2] If the defendant fails to respond by that date, the Court will decide his motion, as submitted, pursuant to § 2255.

IT IS ORDERED:

1. On or before <u>December 27, 2024</u>, the defendant shall either (a) inform the Court that he wishes to proceed with his motion as submitted, construed as a § 2255 motion; (b) withdraw his motion; or (c) submit an amended motion.

2. If the defendant does not respond on or before <u>December 27, 2024</u>, he will be deemed as having consented to the construction of his motion as a § 2255 motion, as submitted, and the Court will rule on it accordingly.

---

[2] Should the defendant elect to amend his motion, he may use the Court's form for § 2255 motions. The Court will direct the Clerk to provide the defendant a copy of that form.

3.  The Clerk of the Court shall provide the defendant with a copy of this order and a copy of Form AO 243 (Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody).

4.  The Clerk of the Court shall set a case management deadline for December 27, 2024 with the following docket text: Check for response regarding construction of § 2255 motion.

Dated this 26th day of November, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge